UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-81 |
| | ) | |
| RONALD LYNN LOWE, | ) | (VARLAN/GUYTON) |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER OF COMMITMENT FOR
## MENTAL EXAMINATION AND EVALUATION

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This matter came before the Court on September 15, 2009, for a motion hearing on the parties' pending motions, particularly the Government's Motion for Psychiatric or Psychological Evaluation [Doc. 24], filed on September 8, 2009. Assistant United States Attorney Kelly Ann Norris represented the government. Attorney James A.H. Bell was present for the defendant, who was also present.

In its motion [Doc 24], the Government asks that the Court order the Defendant to undergo a mental evaluation to determine his sanity at the time of the offenses pursuant to 18 U.S.C. § 4242(a) and that the report from this evaluation be returned to the Court. The Defendant filed a Notice of Insanity Defense [Doc. 20] on August 26, 2009, notifying the Government pursuant to Rule 12.2(a) of the Federal Rules of Criminal Procedure, of his intent to assert a defense of insanity at trial. In response to this Notice, the Government requests that the Defendant have a forty-five-day

1

examination in a facility as close as practical to the Eastern District of Tennessee.

At the September 15 hearing, both parties assured the Court that they were not raising the issue of whether the Defendant was competent to stand trial. Attorney Bell informed the Court that his client was presently alert, properly oriented, and taking his medicine as prescribed. The Defendant did not object to the requested mental examination of his sanity at the time of the offenses and understood that such examination would necessitate a continuance of the September 21, 2009 trial date. Mr. Bell stated that the Defendant would prefer that a psychiatrist conduct the mental examination, rather than a psychologist, due to issues relating to the Defendant's medication.

Upon review of the Government's motion [Doc. 24], the Defendant's Notice [Doc. 20], and the parties' positions at the hearing, the Court finds that the Government's motion for mental examination complies with 18 U.S.C. section 4242(a) and is **GRANTED**. Accordingly, it is hereby **ORDERED**, pursuant to Title 18, Sections 4242(a), 4247(b), and 4247(c), of the United States Code, as follows:

1. The Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatrists and/or clinical psychologists. The Court notes that the Defendant has requested that the examination be undertaken by a psychiatrist because his mental issues involve certain medications. The Government did not object to this request. To the extent that it can be accommodated, even in part, the Court **recommends** that the Defendant's request to be examined by a psychiatrist be honored. Once designation of the facility is received, the Defendant shall be transported by the United States Marshal's office to such facility.

2. The purpose of the evaluation shall be:

    a. for conducting psychiatric and psychological examinations by one or more licensed or certified psychiatrists and clinical psychologists and

    b. for the purpose of determining whether at the time of the offense

2

charged, the Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.

3. Pursuant to Rule 12.2(c), the Defendant is to submit to such examinations as ordered above.

4. The Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility.

5. The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for the Defendant and counsel for the United States, and said report shall include:

    a. the Defendant's history and present symptoms;

    b. a description of the psychiatric, psychological and medical tests that were employed and their results;

    c. the examiners' findings;

    d. the examiners's opinions as to diagnosis and prognosis, and

    e. the examiner's opinions as to whether at the time of the offenses charged, the Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.

6. Pursuant to Title 18, Section 4247(b), of the United States Code, the Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time not to exceed **FORTY-FIVE (45) DAYS**, unless otherwise ordered by the Court.

7. That the Defendant be **FORTHWITH RETURNED** to the custody of the United States Marshal no later than the expiration of the forty-five (45) day period.

8. Because of the length of time necessary to evaluate the Defendant, the **September 21, 2009** trial of this case is **CONTINUED**. The Court has set and the parties have agreed to a new trial date of **February 8, 2010**. The Court finds that all time between the filing of the Motion for Psychiatric or Psychological Evaluation

3

[Doc. 24] on **September 8, 2009**, and the new trial date of **February 8, 2010**, is fully excludable under the Speedy Trial Act due to the time during which the motion was pending, 18 U.S.C. § 3161(h)(1)(D); the time necessary for the Defendant to be designated to a facility and to undergo a mental examination, 18 U.S.C. § 3161(h)(1)(A); the reasonable time necessary to transport the Defendant to and from the mental examination, 18 U.S.C. § 3161(h)(1)(F), and the time necessary for counsel for both parties to prepare effectively for trial in the wake of the examination and in light of the information contained in the report stemming from the examination, 18 U.S.C. § 3161(h)(7)(B)(iv). With regard to this last reason, the Court expressly finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

9. The undersigned will conduct a status conference on this matter on **November 20, 2009, at 11:00 a.m.** The Court has also scheduled a final pretrial conference for **February 2, 2010, at 2:00 p.m. February 2, 2010**, shall also be the plea negotiation cut-off deadline.

10. The Clerk is directed to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshal.

11. The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when the Defendant returns to this jurisdiction from the mental evaluation.

**IT IS SO ORDERED.**

ENTER:

　　　s/ H. Bruce Guyton　　　
United States Magistrate Judge