UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-81 |
| | ) | |
| RONALD LYNN LOWE, | ) | (VARLAN/GUYTON) |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.

§ 636(b) for disposition or report and recommendation regarding disposition by the District Court

as may be appropriate.  This matter is before the Court on Defendant Lowe's Motion for Pretrial

Notice of Government's Intent to Use 404 (B)-type Evidence [Doc. 17],  Motion for Pretrial Notice

of Government's Intent to Use Evidence [Doc. 18],  Motion for Discovery and Inspection [Doc. 19],

and Motion for Disclosure of Informants and Operatives [Doc. 21].  On September 15, 2009, the

parties appeared before the Court for a hearing on the instant motions.  Assistant United States

Attorney Kelly Ann Norris appeared on behalf of the Government.  Attorney James A. H. Bell

appeared on behalf of  the Defendant, who was also present.  The Court will address each motion

in turn.

1

## I.      Motion for Pretrial Notice of Government's Intent to Use 404 (B)-type Evidence [Doc. 17]

The Defendant moves the Court to require the government to disclose in advance of trial its intent to use any evidence falling within the scope of Rule 404(b) of the Federal Rules of Evidence. The Defendant also asks the Court to order that the Government may not introduce any "other acts" evidence at trial until the trial court conducts a jury-out hearing on its admissibility. The Government responds [Doc. 23] that it will provide the generalized notice called for by Rule 404(b) seven days before the trial, as directed by the Court's Order on Discovery and Scheduling.

The Court notes that the Order on Discovery and Scheduling [Doc. 11] provides that:

> [u]pon request, the government shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any Rule 404(b)-type evidence it intends to introduce at trial. Unless otherwise ordered by the Court "reasonable notice" shall be deemed to be seven (7) calendar days before trial.

Thus, the Court has already directed the Government to provide the required notice in advance of trial. In light of that directive, the Court finds that the Defendant's motion is premature, and therefore is **DENIED**. If a specific issue arises as to the use of 404(b) evidence at trial, the Defendant may make the appropriate motion(s) or objection(s) at that time. Moreover, the question of whether to conduct a jury-out hearing to determine the admissibility of any 404(b) evidence is a matter for the parties to take up with the District Court.

## II.      Motion for Pretrial Notice of Government's Intent to Use Evidence [Doc. 18]

Pursuant to Rule 12(b)(4)(B), the Defendant next moves the Court to compel the Government to provide written notice of all evidence the Defendant is entitled to obtain under the Federal Rules

of Criminal Procedure so that he can object to its admissibility pretrial. The Government responds [Doc. 23] that it intends to use in its case-in-chief all evidence which has been disclosed in discovery. Moreover, the Government asserts that it knows of no evidence that would be subject to a suppression motion. At the September 15 hearing, defense counsel agreed that the Government had complied with its discovery obligations. Accordingly, the instant motion **[Doc. 18]** is **DENIED as moot**.

### III.     Motion for Discovery and Inspection [Doc. 19]

The Defendant asks the Court to order the Government to produce the following discovery pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure:

> (1) The Defendant's oral statements to any Government agent before or after arrest,
>
> (2) The Defendant's written or recorded statements,
>
> (3) The Defendant's prior criminal record,
>
> (4) Any ATF reports related to the investigation,
>
> (5) Information on any electronic recording devices used in the aerial surveillance of the Defendant,
>
> (6) Access to any papers, photos, or other tangible objects the Government intends to use in its case-in- chief, and
>
> (7) Access to the results or reports of any scientific tests that the Government intends to use in its case-in-chief.

The Government responds [Doc. 23] that it has fulfilled its discovery obligations under Rule 16(a)(1)(A) and that it will immediately disclose any additional discovery about which it subsequently learns. During the September 15 hearing, defense counsel agreed that the Government

3

had complied with its discovery obligations. Accordingly, the Motion for Discovery and Inspection **[Doc. 19]** is **DENIED as moot**.

### VI.    Motion for Disclosure of Informants and Operatives [Doc. 21]

The Defendant moves the Court to order the Government to produce the names, addresses, statements, and criminal histories of any informants used in this case. The Government responds [Doc. 23] that it knows of no confidential informants used in this case. Moreover, it contends if confidential informants were used, they did not participate in the crimes with which the Defendant is charged and, therefore, are not subject to disclosure.

As a general rule, the government is not required to disclose the names of its witnesses before trial. See United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993); United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984); see also United States v. Dark, 597 F.2d 1097, 1099 (6th Cir.), cert. denied, 444 U.S. 927 (1979). With regard to the identities of confidential informants, the Supreme Court has recognized what has become known as the informer's privilege:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

Roviaro v. United States, 353 U.S. 53, 59 (1957) (citations omitted).

This privilege is limited by the requirement that criminal trials be fundamentally fair. Id. at

4

60. In other words, the informer's privilege must yield when the informant's identity is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause." Id. at 60-61. In balancing a defendant's need for the informant's identity against the public interest in protecting the flow of information, courts have looked to the informant's degree of involvement in the charged offenses. Courts are more likely to require disclosure when the informant is a "key witness," who has arranged and participated in an illegal transaction, than when the informant merely gives officers a tip that proves helpful in securing a search warrant. United States v. Lloyd, 400 F.2d 414, 416 (6th Cir. 1968); United States v. Sharp, 778 F.2d 1182, 1186 n.5 (6th Cir. 1985) (noting that disclosure is usually required when an informant is an "active participant in the events underlying the defendant's potential criminal liability" and usually not required when the informant is a "mere tipster or introducer"); see, e.g., United States v. McManus, 560 F. 2d 747, 751 (6th Cir.) (affirming the denial of disclosure when the informant was not a direct participant in the drug transaction), cert. denied, 434 U.S. 1047 (1978).

In the present case, the Government has stated that it is not aware of any informants that were used. Accordingly, the Defendant's Motion for Disclosure of Informants and Operatives [**Doc. 21**] is **DENIED as moot.**

Accordingly, it is **ORDERED**:

> (1) Defendant Lowe's Motion for Pretrial Notice of Government's
> Intent to Use 404 (B)-type Evidence [**Doc. 17**] is **DENIED;**
>
> (2) The Defendant's Motion for Pretrial Notice of Government's
> Intent to Use Evidence [**Doc. 18**] is **DENIED as moot**;

5

(3) The Defendant's Motion for Discovery and Inspection [**Doc. 19**] is **DENIED as moot**; and

(4) The Defendant's Motion for Disclosure of Informants and Operatives [**Doc. 21**] is **DENIED as moot**.

**IT IS SO ORDERED.**

ENTER:


s/ H. Bruce Guyton
United States Magistrate Judge

6